UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN LEE BONDS,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Case No. 1:11-CV-305
(Criminal Case No. 1:09-CR-185)

HON. GORDON J. QUIST

## OPINION DENYING § 2255 PETITION

Defendant, John Lee Bonds', has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  The Government has filed a response in opposition to Bonds' motion, and Bonds has filed a reply to the Government's response.  After reviewing the motion, the parties' briefs, and other pertinent materials, this Court concludes that Bonds arguments are without merit and he is not entitled to relief.

### PROCEDURAL HISTORY

On December 21, 2009, Bonds pled guilty to conspiracy to distribute more than fifty (50) grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  He also admitted the supplemental information, filed pursuant to 21 U.S.C. § 851, that he had a prior felony drug offense conviction.  On June 7, 2010, Bonds was sentenced to 293 months in prison, 10 years of supervised release, a $5,000.00 fine, and a $100.00 special assessment.  Bonds did not file a direct appeal.  On March 25, 2011, Bonds timely filed this action pursuant to 28 U.S.C. § 2255 claiming that:

(1) his counsel was ineffective by:

    (a) failing to properly advise Bonds during the plea negotiation stage;

    (b) failing to contest this Court's finding regarding drug quantity;

    (c) failing to contest this Court's finding regarding leadership;

    (d) failing to contest this Court's finding regarding the weapons enhancement;

(2) this Court erred by allowing the statements of a co-conspirator into evidence or his counsel was ineffective for not objecting to the statements; and

(3) this Court erred by imposing a $5,000.00 fine on Bonds or his counsel was ineffective for not objecting to it.

## DISCUSSION

To obtain relief under § 2255, a petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner must prove the existence of an error of constitutional magnitude that had "a substantial and injurious effect" on the outcome of the case. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Claims of non-constitutional errors, including alleged errors in the application of the Sentencing Guidelines, "will rarely, if ever, warrant relief from the consequences on collateral review." *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996). Collateral relief for non-constitutional errors is afforded only when those errors create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted).

A § 2255 motion is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Issues not raised on direct appeal are procedurally defaulted under § 2255 unless the petitioner can show good cause for failing to raise them on appeal and actual prejudice from such failure, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In order to show ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was not within the range of reasonable professional assistance, and (2) that he suffered actual prejudice as a result of this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In order to show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. At 2068. In the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); *see also Swain v. United States*, 155 F. App'x 827, 831 (6th Cir. 2005) (citing *Hill*). The Supreme Court has stated that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be

3

followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. At 2069; *see also Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

In evaluating an ineffective assistance of counsel claim, federal courts "strongly presume" counsel to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006). Defendants alleging ineffective assistance of counsel bear a "heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

The difficulty of overcoming that general presumption is even greater in cases involving "strategic decisions" by counsel which are viewed as "virtually unchallengeable." *Logan v. United States*, 434 F.3d 503, 510 n. 1 (6th Cir. 2006); *accord*, *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994) (Federal courts "must afford enormous deference" to counsel's strategic decisions).

### 1.    Ineffective Assistance of Counsel

#### (a)    Improper Advice During Plea Negotiation Stage

Bonds' first claim is that his counsel improperly advised him during the plea negotiation stage. Specifically, he asserts that "had he been made aware of the plea bargain cut-off date, he would have accepted the plea [before that date] in order to have received a reduction in his sentence." (Dkt. #1 at 13.) Bonds says that he asked his counsel to find out if he was a "career offender" because he wanted to accept the Government's "offer of 10 years before the (30) day time period elapsed in order to avoid a possible life sentence." (*Id.* at 12-13.) He alleges that his counsel failed to provide him this information during the 30 day time period for acceptance of the plea. (*Id.* at 14.) Additionally, Bonds claims that his counsel improperly advised him on his status as a career offender. But for counsel's errors, Bonds contends, he would have pled before the 30 days elapsed, and he suffered prejudice because he is now subject to 297 months in prison. (*Id.* at 15.) Bonds

claims the prejudice can be shown by the fact that his sentence is greater than any of his co-defendants. (*Id.*) Bonds' plea was recorded. Here is a partial transcript of his plea on December 21, 2009, as taken by Magistrate Judge Scoville:

| | |
|---|---|
| JUDGE: | Mr. Bonds, we next need to talk about the rights that you have and the rights that you give up by pleading guilty. First of all you have the right to the assistance of counsel at every stage of the case against you. Mr. Canady were you appointed or retained. |
| CANADY: | I was appointed. |
| JUDGE: | The court has appointed Mr. Canady to represent you throughout this case. That means if you want to fight these charges you have the assistance of counsel to do that through a trial and through an appeal. Do you understand that? |
| DEFENDANT: | Yes. |
| **JUDGE:** | **Are you completely satisfied with your attorney's services in this case?** |
| **DEFENDANT:** | **Yes.** |
| **JUDGE:** | **Has he done everything that you have asked him to do in preparing your defense?** |
| **DEFENDANT:** | **Yes.** |
| JUDGE: | And have you had a full opportunity to talk to him about your decision to plead guilty? |
| DEFENDANT: | Yes. |
| JUDGE: | Do you feel rushed or pressured in any way to make that decision? |
| DEFENDANT: | No. |

Furthermore, Bonds' counsel, Clinton Canady III, has filed an Affidavit (Dkt. #12) which refutes Bonds' unsupported allegations in every material respect. Most glaringly, the government never offered Bonds a "ten-year plea." The record contains nothing to suggest that the government made this offer to Bonds. If anything, the Government offered Bonds a plea to Count 1, which

5

contained a violation of 21 U.S.C. § 841(b)(1)(A)(iii), that has a statutory penalty of *not less than* ten years and up to life in prison. Second, the Government conditioned any plea offer on Bonds proffering and cooperating. Bonds' counsel sent him three separate letters which show that Bonds repeatedly refused to proffer or cooperate with the Government. (Dkt. #12 at 20, 23, 28.) Moreover, one of the letters reflects that Bonds did not want to proffer and enter into a plea agreement which contained a sentence of 10 years or more. (Dkt. #12 at 28.) The thorough records that Bonds' counsel maintained shows that he continually advised Bonds of the ramifications of his choices. Nothing in the record suggests that counsel's representation fell below an objectively reasonable standard, nor does anything suggest that Bonds was prejudiced by anyone's fault but his own. Bonds' allegations are rejected because they are contradicted by the record.

Bonds also said that his counsel and the Government erroneously assumed that he was as a "career offender." Had he known that he was not a career offender, he alleges, he would have pled guilty to a 10 year to life offense without a supplement. The problem is that Bonds could not have been prejudiced whether or not he was scored as a career offender because it results in the same Guidelines range. As his initial presentence report demonstrates, Bonds' Guidelines range as a career offender was 360 months to life. However, the final presentence report, which did not score Bonds as a career offender, still resulted in a Guidelines range of 360 months to life. Therefore, Bonds cannot show any prejudice by his counsel's belief that he would be scored as a career offender.

> (b) <u>Failing to Contest Drug Quantity</u>, (c) <u>Leadership Role</u>, and (d) <u>Firearms Enhancement</u>

Bonds argues that his counsel was ineffective for failing to challenge drug quantity,

leadership role, and a firearms enhancement.[1] He claims that this prejudiced him because it would have lowered his Guidelines range.

Initially, Bonds' counsel filed objections to the presentence report concerning each of these factors. His counsel also filed a sentencing memorandum supporting each of these objections.

On April 28, 2010, after Bonds' counsel filed the objections, Clarence Bonds, Bonds' brother and co-defendant, was sentenced. Similar to Bonds, and similar to what Bonds now argues his counsel should have done, Clarence Bonds objected to drug quantity, lack of acceptance, lack of a minor role reduction, and criminal history. The Court denied Clarence's objections, found that he falsely contested relevant conduct, and imposed a two-level enhancement for obstruction of justice. The Government informed Bonds' counsel of these events, and questioned whether Bonds wanted to pursue a similar path.

Thereafter, Bonds' counsel, with Bonds' consent, withdrew objections to drug quantity, firearms enhancement, and role in the offense. His counsel, however, continued to argue for acceptance of responsibility and a 1:1 crack cocaine ratio. As his counsel said, counsel made a strategy decision to withdraw those objections. (Dkt. #12 at 1-6.) He noted that the same witnesses who testified at Clarence's case would testify at Bond's case. *Id.* Furthermore, the objections that the Court denied in Clarence's case were virtually the same as Bonds'. *Id.* Moreover, Bonds' counsel said that he informed Bonds of these events and that Bonds' consented to withdraw the objections. Unlike the Court in Clarence's case, the Court very reluctantly granted Bonds a three-level reduction for acceptance of responsibility, and Bonds did not garner two points for obstruction.

---

[1] Bonds also makes a conclusory statement that "the record indicates the court made a conspiracy wide determination rather than an individual determination." He says that it is contrary to Sixth Circuit precedent and lists several cases (Dkt. #1 at 16.) This argument is procedurally barred because he did not make it on direct appeal, nor has he shown (or even argued) cause and prejudice for failing to raise it or that he is actually innocent. In addition, Bonds was held responsible for only his own relevant conduct.

Bonds is far from rebutting the presumption that his counsel provided him reasonable representation. As the Sixth Circuit has said, these strategy decisions are "virtually unchallengable." *See Logan*, 434 F.3d at 510 n. 1. Moreover, it appears that Bonds consented to the strategy. Furthermore, "a brief that raises every colorable issue runs the risk of burying good arguments - those that, in the words of the great advocate John W. Davis, 'go for the jugular'" *Jones v. Barnes*, 463 U.S. 745, 753, 103 S.Ct. 3308, 3313 (1983). Counsel's strategic decision succeeded and resulted in a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Bonds' counsel did not provide representation below an objectively reasonable standard.

Moreover, Bonds cannot show any prejudice from the withdrawal of these objections. In order to show prejudice, the defendant would have to show that had his counsel pursued the objections, they would have been granted, with no resultant tactical disadvantage. *See Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001) (citing *Strickland*, 466 U.S. at 690-91.) As discussed *supra*, had Bonds' counsel pursued the objections, Bonds would likely have suffered a tactical disadvantage - five additional Offense Level points. Rather than burying Bonds' best arguments, Bonds' counsel raised every possible issue and prevented Bonds from suffering the consequences suffered by Clarence Bonds.

Bonds has provided no evidence that he would have prevailed on any of these issues. For drug quantity, he said that his counsel should have objected to the information in the PSR from Rebecca Jones. If his counsel would have objected to her information, he alleges, "petitioner in all likelihood would not have been held responsible for the amount of drugs distributed during that time." This statement is false. Even with disregarding Rebecca Jones' information, sufficient evidence supports a level 34 drug quantity. (*See e.g.*, PSR ¶ 114.) As to leadership role, Bonds again claims that the Government solely relied on the statement of Rebecca Jones, who should not have been found credible. Actually, the PSR is replete with evidence that Bonds was a leader of an

extensive operation with five or more people. He obtained and distributed the drugs. He used other members to transport him and his drugs and to store his drugs. He used other residences to process drugs. He threatened his followers on multiple occasions to comply with his orders. As to the weapons enhancement, evidence established that Bonds had possession of a stolen semi-automatic pistol at the time of his arrest and also that he traded guns for drugs on at least one occasion, either of which is sufficient to support a firearms enhancement. (*See* PSR at ¶ 114 *with United States v. Miggins*, 302 F.3d 384, 391-92 (6th Cir. 2002); PSR at ¶ 69 *with United States v. Gibson*, 135 F.3d 1124, 1128 (6th Cir. 1998).) Much of the PSR was confirmed in Clarence Bonds' sentencing hearing.

In sum, Bonds cannot rebut the strong presumption that his counsel provided him objectively reasonable representation and because he cannot establish prejudice.

### 2. Allowing Statements of a Co-conspirator into Evidence

"Petitioner asserts that it was error to allow the statement of Lavone Williams into evidence. A review of the record reveals that the statement [was] made after the arrest of the declarant and after the conspiracy had terminated." (Dkt. #1 at 18.) This Court cannot ascertain the statement to which Bonds is referring. His cite, to page nine of his Presentence Investigation Report for his 2009 criminal case before this Court,[2] does not contain any statement from Mr. Williams. Moreover, Bonds pled guilty without any evidence having been admitted, and there was no evidence admitted at his sentencing. Even if evidence had been admitted, "[h]earsay evidence is admissible in guideline sentence hearings." *United States v. Davis*, 170 F.3d 617, 622 (6th Cir. 1999).

Regardless, this issue is procedurally barred for failing to raise this issue on direct appeal. Also, Bonds makes no argument whatsoever to establish cause and prejudice for raising these issues

---

[2] Bonds' actual citation is "See (PSR) pg. 9 Case NO: 1:09-CR-00185-GJQ, filed 04/15/2010." (Dkt. #1 at 18.)

9

appeal, nor has he shown that he is actually innocent.

**3. Imposition of a $5,000 Fine**

Bonds "contends it was error for the court to impose the fine on petitioner in that 5E1.2 requires district courts to exercise discretion in favor of the waiver of a fine where indigence is properly show." Bonds is precluded from challenging the imposition of a fine in his § 2255 petition. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (precluding a defendant "from challenging the imposition of the cost of his imprisonment" in a § 2255 petition because "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes" (internal quotations and citations omitted)).[3]

**<u>No Certificate of Appealability</u>**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Bonds has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered each of Bonds' claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

[3] Even if for some reason this were a cognizable claim, it would be procedurally defaulted because Bonds did not raise it on direct appeal. Furthermore, Bonds has not shown or argued cause and prejudice for failing to raise this issue on appeal, nor has he shown that he is actually innocent.

constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Bonds' claims were debatable or wrong. Therefore, the Court will deny Bonds a certificate of appealability.

For these reasons, Bonds' § 2255 Motion (Dkt. #1) is DENIED. In addition, a certificate of appealability is DENIED as to each issue raised by Bonds because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order and judgment will enter.


Dated:  December 1, 2011                                /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE